UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

KENDRICH THOMAS                                CIVIL ACTION

VERSUS                                         NUMBER: 13-0154

BURL CAIN, WARDEN                              SECTION: "F"(5)


                    **REPORT AND RECOMMENDATION**

    Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Kendrich Thomas, the State's response thereto, and Thomas' "rebuttal" to the State's response.  (Rec. docs. 1, 10, 11).  Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Thomas' petition be dismissed with prejudice.

    Petitioner Thomas is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana.  On January 26, 2008, Thomas was convicted of one count of aggravated rape of a victim under the age of twelve, two counts of aggravated kidnaping of a child, one count of aggravated

kidnaping, one count of attempted forcible rape, and one count of indecent behavior with a juvenile after trial, by jury, in the Criminal District Court for the Parish of Orleans, State of Louisiana.[1]/  On February 28, 2008, Thomas was sentenced to four life terms on the rape and kidnaping counts as well as twenty years on the attempted forcible rape count and seven years on the indecent behavior count.[2]/

Through counsel, Thomas directly appealed his convictions and sentences, asserting five separate assignments of error.[3]/  On July 22, 2009, the Louisiana Fourth Circuit Court of Appeal affirmed Thomas' convictions and sentences in an unpublished opinion.[4]/ Writs were subsequently denied by the Louisiana Supreme Court on April 9, 2010.[5]/  Thomas' convictions became final ninety days later, or July 9, 2010, when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired and no application

---

[1]/ According to the minutes from Thomas' trial, the jury deliberated for one hour and forty-three minutes before finding him guilty on all six counts. (St. ct. rec., vols. 1, 4, minutes from Jan. 26, 2008).

[2]/ St. ct. rec., vols. 1, 4, minutes from Feb. 28, 2008.

[3]/ State v. Thomas, 13 So.3d 809, 2009 WL 8688914 (La. App. 4th Cir. 2009)(table).

[4]/ Id.

[5]/ State v. Thomas, 31 So.3d 383 (La. 2010).

therefor was made.  See U.S. Sup. Ct. R. 13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).

On August 26, 2010, forty-seven days after his convictions had become final, Thomas signed and dated a post-conviction relief application ("PCRA") containing three claims that was mailed to and received by the state trial court on September 3, 2010.[6]  On September 21, 2010, the trial court denied Thomas' first PCRA.[7]  On January 28, 2011, some one hundred twenty-eight days later, Thomas requested that LSP officials transmit to the state trial court for filing a pleading denominated "Supplemental Brief In Support of Application for Post-Conviction Relief" that contained nine claims.[8]  That pleading was received by the state trial court on February 2, 2011.[9]  On May 2, 2011, a supplement to Thomas' second PCRA pleading was transmitted to the state trial court which was received by that tribunal on May 9, 2011.[10]  On May 18, 2011,

---

[6] Rec. docs. 1-5, pp. 36-45; 1-6, pp. 1-25.  St. ct. rec. vols. 1, 4, docket master entries of Sept. 3, 2010.

[7] St. ct. rec., vols. 1, 4, docket entries of Sept. 21, 2010.

[8] Rec. docs. 1-6, pp. 27-40; 1-7, pp. 1-23.  St. ct. rec., vol. 4.

[9] St. ct. rec. vols. 1, 4, docket master entries from Feb. 2, 2011.

[10] Rec. doc. 1-7, pp. 24-35.  St. ct. rec., vols. 1, 4, docket master entries of May 9, 2011.

the state trial judge ruled on Thomas' second set of PCRA filings, as follows:

> [t]his application for Post Conviction Relief is denied. Defendant claims that this is a supplemental brief in support of a Post Conviction Application.  This is incorrect.
>
> On September 21, 2010, this Court denied defendant's application for Post Conviction Relief, and as such this application shall be considered a second application for Post Conviction Relief.
>
> According to the Louisiana Code of Criminal Procedure, Article 930.4(D),
>
>> "A successive application may be dismissed if it fails to raise a new or different claim that was inexcusably omitted from a prior application."
>
> As this is a successive application and these claims were not addressed in the first Application for Post Conviction relief, these claims are dismissed as repetitive.
>
> These claims are further denied as being time barred under Louisiana Code of Criminal Procedure, Article 930.8. More than two (2) years have passed since the judgment of convictions and sentences have become final and accordingly these claims are denied.
>
> Finally, the defendant claims that the sentence received is excessive and illegal.  This is incorrect.  The defendant was found guilty and sentenced accordingly.  The sentence for this crime is life without benefit of parole, probation, or suspension of sentence.  As such, the defendant was properly sentenced according to Louisiana law.
>
> For these reasons the defendant's successive application for Post Conviction Relief is denied.

(Rec. doc. 1-7, p. 36).[11]/

From this unfavorable ruling, on May 30, 2011, Thomas requested that LSP officials mail to the state trial court a "Notice of Intention" to appeal "... the denial of his Post Conviction Relief Application that was denied on September 21, 2010 and May 18, 2011" and a "Motion for Extension of Time" to do so under Rule 4-3 of the Uniform Rules of Louisiana Courts of Appeal as a result of his temporary transfer to Elayn Hunt Correctional Center ("EHCC") due to rising Mississippi River water levels.[12]/ What became of Thomas' Motion for Extension of Time is not reflected by the state court record. What is apparent is that on July 11, 2011, Thomas requested that LSP officials transmit to the Louisiana Fourth Circuit Court of Appeal a writ application challenging the trial court's denial of post-conviction relief.[13]/ On August 17, 2011, the Louisiana Fourth Circuit ruled as follows:

> (r)elator's appeal became final on April 9, 2010; the original application for post-conviction relief and the two supplemental applications for post-conviction

---

[11]/ Thomas' second PCRA contained both claims that had been raised and disposed of in his first PCRA and new claims that had been omitted from his first PCRA. In its order of May 18, 2011, the trial court inadvertently merged the language of paragraphs "D" and "E" Article 930.4 which address those two varieties of repetitive PCRA's.

[12]/ Rec. doc. 1-7, pp. 37-39.

[13]/ Rec. doc. 1-8, pp. 2-10.

> relief were timely filed. La. C.Cr.P. art. 930.8. However, relator has failed to provide this Court with copies of the original application for post-conviction relief or the two supplemental applications for post-conviction relief. Accordingly, there is nothing for this Court to review.
>
> State v. Thomas, No. 2011-K-0964 (La.App.4th Cir. Aug. 17, 2011)(unpublished order). (Rec. doc. 1-8, p. 11).[14]/

Following the Louisiana Fourth Circuit's adverse ruling, Thomas sought writs from the Louisiana Supreme Court which denied relief on May 4, 2012.[15]/ On December 17, 2012, some two hundred twenty-five days later, Thomas signed the application to proceed in forma pauperis ("IFP") that accompanied his federal habeas petition.[16]/

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Thomas have one year from the date that their

---

[14]/ From a review of the Louisiana Fourth Circuit's opinion, it is clear that that tribunal viewed Thomas' post-conviction filings in the state trial court as separate and distinct PCRA's.

[15]/ State ex rel. Thomas v. State, 88 So.3d 459 (La. 2012).

[16]/ Rec. doc. 2. Although Thomas signed his IFP application on December 17, 2012, it was not certified by LSP inmate account officials until January 17, 2013. Rec. doc. 2, p. 2. The envelope in which Thomas' petition was mailed to the Court was postmarked on January 18, 2013. Rec. doc. 1-35, p. 20.

convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, Thomas' convictions became final on July 9, 2010. At that point, the one-year limitation period set forth in §2244(d) commenced running and was tolled forty-seven days later when Thomas filed his first PCRA in the state trial court. After that PCRA was denied on September 21, 2010, the §2244(d) limitation period began running again and was tolled one hundred twenty-eight days later when Thomas initiated efforts to have what was effectively his second PCRA transmitted to the state trial court for filing. That PCRA and the appeals from it remained pending before the state courts until May 4, 2012 when the Louisiana Supreme Court denied his most recent writ application to that tribunal. The following day, the limitation period commenced running again and had expired by the time that Thomas signed his IFP application two hundred twenty-five days later on December 17, 2012. As Thomas' federal habeas

petition was filed outside of the §2244(d) statute of limitations, the sole issue remaining is whether his petition is saved by the operation of equitable tolling.  <u>See</u>, e.g., <u>Prieto v. Quarterman</u>, 456 F.3d 511, 514-15 (5th Cir. 2006)(AEDPA is only subject to statutory and equitable tolling).

The doctrine of equitable tolling applies only in rare and exceptional circumstances and principally where the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights.  <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999), <u>cert</u>. <u>denied</u>, 529 U.S. 1057, 120 S. Ct. 1564 (2000).  "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  <u>Holland v. Florida</u>, 560 U.S. 631, ___, 130 S.Ct. 2549, 2562 (2010)(internal quotation marks and citation omitted).  The diligence prong of the foregoing test is grounded in notions that equitable tolling "... is not intended for those who sleep on their rights."  <u>Mathis v. Thaler</u>, 616 F.3d 461, 474 (5th Cir. 2010), <u>cert</u>. <u>denied</u>, ___ U.S. ___, 131 S.Ct. 1574 (2011).  In some circumstances, long delays in receiving notice of state court action may warrant equitable tolling.  <u>Hardy v. Quarterman</u>, 577 F.3d 596, 598 (5th Cir. 2009)(citing <u>Phillips v. Donnelly</u>, 216 F.3d 508, 511 (5th Cir.), <u>modified</u> <u>on</u> <u>reh'g</u>, 223 F.3d

8

797 (5th Cir. 2000)). "To warrant tolling under such circumstances, a petitioner must show that he 'pursued the [habeas corpus relief] process with diligence and alacrity' both before and after receiving notification." Id. (quoting Phillips, 216 F.3d at 511 (brackets in original; emphasis added).

In his appeal to the Louisiana Fourth Circuit following the denial of his supplemental/second PCRA, Thomas argued that he had not received notice of the denial of his first PCRA on September 21, 2010 and that the trial court erred in dismissing his supplemental/second PCRA as repetitive. While the Louisiana Fourth Circuit disagreed with the trial court's ruling, which had found that Thomas' supplemental/second PCRA was untimely under LSA-C.Cr.P. Art. 930.8, it did not affirm the trial court's finding that it was successive and was procedurally barred under Article 930.4 nor did it dismiss Thomas' writ application as untimely. As Thomas was undoubtedly aware that both his first and second PCRA's had been denied no later than May 30, 2011 when he submitted his Notice of Intention and Motion for Extension of Time to the Louisiana Fourth Circuit, the question becomes whether Thomas acted diligently after receiving notification. See, e.g., Lewis v. Cockrell, 275 F.3d 46, 2001 WL 1267701 at *2 (5th Cir. 2001)(table).

Unfortunately, guided by applicable Fifth Circuit caselaw, the Court answers this inquiry to Thomas' detriment. In Phillips,

9

supra, the petitioner was found to have acted diligently where he filed for an out-of-time appeal within three days of learning that his state habeas petition had been denied and he filed his federal habeas petition within one month of the denial of his out-of-time appeal. Phillips, 216 F.3d at 511.  On the other hand, in Coleman, supra, the petitioner was found not to have acted diligently where he waited six months to file his federal habeas petition after learning of the denial of his state PCRA.  Coleman, 184 F.3d at 403.

In the present case, after the Louisiana Supreme Court affirmed the denial of post-conviction relief on May 4, 2012, Thomas waited until December 17, 2012, a period of over seven months, before initiating efforts to have his federal habeas petition forwarded to the Court for filing.  Guided by Coleman, the Court is constrained to conclude that Thomas did not act with reasonable diligence and that he is thus not entitled to the benefit of equitable tolling.  Accordingly, it will be recommended that his habeas petition be dismissed with prejudice as time-barred.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Kendrich Thomas be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  <u>12th</u> day of  <u>December</u>, 201<u>3</u>.

<u>Alma L. Chasez</u><br>
ALMA L. CHASEZ<br>
UNITED STATES MAGISTRATE JUDGE